COURT TERMS

PLACE 1
2ND MONDAY - MARCH (3 WKS)
2ND MONDAY - JUNE (3 WKS)
   GRAND JURY
2ND MONDAY - SEPTEMBER (3 WKS)

PLACE 2
4TH MONDAY - JANUARY (3 WKS)
   GRAND JURY
3RD MONDAY - APRIL (3 WKS)
3RD MONDAY - JULY (2 WKS)
4TH MONDAY - OCTOBER (2 WKS

# LESLIE WILSON
CIRCUIT CLERK
AND
REGISTRAR OF VOTERS
LAMAR COUNTY, MISSISSIPPI
P. O. BOX 369
PURVIS, MISSISSIPPI  39475

15TH CIRCUIT COURT
JUDGES
Hon. PRENTISS HARRELL
HON. ANTHONY MOZINGO
DISTRICT ATTORNEY
HON HALDON KITTRELL
PHONES - Purvis 601-794-8504
Hattiesburg 601-544-4410
Lumberton 601-796-2460
Sumrall 601-758-4818

## IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

ARIANNE M. LEE AND HUSBAND
PHILLIP M. LEE                                      PLAINTIFFS

VERSUS                                      CIVIL ACTION NO. 2011-129H

WAL-MART STORES, INC.                              DEFENDANT

I, LESLIE WILSON, CIRCUIT CLERK OF LAMAR COUNTY, MISSISSIPPI DO HEREBY

CERTIFY THAT THE ATTACHED 36 PAGES ARE TRUE AND CORRECT COPIES OF

OF PAPERS FILED IN THE ABOVE STYLED AND NUMBERED CAUSE IN THE

ABOVE STYLED AND NUMBERED IN THE CIRCUIT COURT OF LAMAR COUNTY,

MISSISSIPPI.

GIVEN UNDER MY HAND AND OFFICIAL SEAL OF OFFICE THIS THE 17TH DAY

OF OCTOBER, 2011.

LESLIE WILSON, CIRCUIT CLERK
LAMAR COUNTY, MISSISSIPPI

BY _____ D.C.



IN CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

ARIANNE M. LEE and husband
PHILLIP M. LEE                                          PLAINTIFFS

VERSUS                                      CIVIL ACTION NO. 2011-129H

WAL-MART STORES, INC.                                  DEFENDANT

### RESPONSES TO SECOND SET OF DISCOVERY FROM
### DEFENDANT WAL-MART TO PLAINTIFF PHILLIP LEE

COMES NOW the Plaintiff Phillip Lee and in response to the Requests for

Admissions and Requests for Production included in Defendant's Second Set of Discovery

answers as follows:

### Responses to Request for Admissions

1.      The damages alleged in your Complaint do not exceed $75,000.00.

**RESPONSE: Denied.**

2.      The amount in controversy in this matter does not exceed the sum of

$75,000.00.

**RESPONSE:  Denied.**

3.      This case does not satisfy the "amount in controversy" requirements of 28

U.S.C. §1332.

**RESPONSE:  Denied.**

4.      You are not seeking an award of more than $75,000.00 to satisfy all of the

claims stated in your Complaint.

**RESPONSE:  Denied.**

5.      You will not accept more than $75,000.00 in compensatory and punitive

FILED

LAMAR OCT 12 2011 CIRCUIT
COUNTY            CLERK

Leslie Wilson

1

damages.

**RESPONSE: Denied.**

6.      There is no evidence which supports an award of damages in this case exceeding $75,000.00, including compensatory and punitive damages.

**RESPONSE: Denied.**

7.      The proper measure of damages, if any, does not exceed $75,000.00 inclusive of all claims for compensatory and punitive damages.

**RESPONSE: Denied.**

8.      Neither you nor your attorney will ask a Judge or jury to return a verdict for more than $75,000.00 in the event of a trial of this matter.

**RESPONSE: Denied.**

9.      Any verdict or judgment in excess of $75,000.00 in this matter would be excessive as a matter of law.

**RESPONSE: Denied.**

10.     If a Judge or jury returns a verdict in excess of $75,000.00, you will agree to a remittitur equal to or less than $75,000.00.

**RESPONSE: Denied.**

11.     Even if new or additional facts, information, or law are discovered with respect to the damages available in the case, you agree not to seek, ask for, claim or accept damages exceeding $75,000.00, including compensatory and punitive damages.

**RESPONSE: Denied.**

FILED

LAMAR COUNTY   OCT 12 2011   CIRCUIT CLERK

Leslie Wilson

2

## RESPONSES TO REQUESTS FOR PRODUCTION

1.    If your response to any of the foregoing requests for admissions is anything other than an unqualified admission, as to each separate response, please produce the following:

    a.    All documents upon which you rely in refusing to admit said response;

    b.    All documents which identify all witnesses who have any knowledge of the facts and/or circumstances upon which you rely in refusing to admit said response;

    c.    All documents which in any way refer to the subject matter of the requests for admission.

**RESPONSE: Please see the Complaint filed herein. Additional information and records will be submitted with my responses to Defendant's first set of discovery which will supplement this response.**

2.    Please produce each and every document in your possession which supports an award of damages in this matter in excess of $75,000.00.

**RESPONSE: Please see the Complaint filed herein. Additional information and records will be submitted with my responses to Defendant's first set of discovery which will supplement this response.**

3.    Please produce each and every document in your possession which supports your claim for damages against this Defendant.

**RESPONSE: Please see the Complaint filed herein. Additional information and records will be submitted with my responses to Defendant's first set of discovery which will supplement this response.**

FILED

LAMAR COUNTY   OCT 12 2011   CIRCUIT CLERK

Leslie Wilson

3

4.    Please produce each and every document in your possession which supports any claim that the amount in controversy in this matter exceeds the sum of $75,000.00.

**RESPONSE:  Please see the Complaint filed herein.  Additional information and records will be submitted with my responses to Defendant's first set of discovery which will supplement this response.**

Respectfully submitted,

_Phillip M. Lee_
Phillip M. Lee, Plaintiff

STATE OF MISSISSIPPI    )
                        )
COUNTY OF LAMAR         )

PERSONALLY came and appeared before me, the undersigned authority in and for said County and State, the within named PHILLIP M. LEE, who having been by me first duly sworn according to law, states on oath that the foregoing *Responses to Second Set of Discovery from Defendant Wal-Mart to Plaintiff Phillip Lee* are true and correct as therein stated.

_Phillip M. Lee_
PHILLIP M. LEE

SWORN TO AND SUBSCRIBED before me on this the ___11th___ day of October, 2011.

_Jo Ann Steelman_
NOTARY PUBLIC

My Commission Expires:

[Notary Seal: STATE OF MISSISSIPPI / JOANN STEELMAN / NOTARY PUBLIC / ID# 10360 / Commission Expires November 4, 2011]

**FILED**

LAMAR COUNTY  OCT 12 2011  CIRCUIT CLERK

_Leslie Wilson_

4

## CERTIFICATE

I, CORY M. WILLIAMS, of counsel for the Plaintiffs, do hereby certify that I have this day mailed by United States Mail, postage prepaid, a true and correct copy of the foregoing to:

**W. PEMBLE DELASHMET**
**DELASHMET & MARCHAND, P.C.**
**P. O. BOX 2047**
**MOBILE, AL 36652**
**Attorney for Defendant Wal-Mart Stores East, L.P.**

THIS the ___11th___ day of October, A.D., 2011.

Cory M. Williams

CORY M. WILLIAMS (MSB #102870)
L. O'NEAL WILLIAMS, JR. (MSB #7248)
WILLIAMS, WILLIAMS & MONTGOMERY, P.A.
140 MAYFAIR ROAD, SUITE 400
HATTIESBURG, MS 39402
TELEPHONE: (601) 602-4705
ATTORNEYS FOR PLAINTIFFS

**FILED**

LAMAR COUNTY   OCT 12 2011   CIRCUIT CLERK

Leslie Wilson

5

IN CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

ARIANNE M. LEE and husband
PHILLIP M. LEE                                                          PLAINTIFFS

VERSUS                                           CIVIL ACTION NO. 2011-129H

WAL-MART STORES, INC.                                              DEFENDANT

### RESPONSES TO SECOND SET OF DISCOVERY FROM
### DEFENDANT WAL-MART TO PLAINTIFF ARIANNE LEE

COMES NOW the Plaintiff Arianne Lee and in response to the Requests for

Admissions and Requests for Production included in Defendant's Second Set of Discovery

answers as follows:

### Responses to Request for Admissions

1.       The damages alleged in your Complaint do not exceed $75,000.00.

**RESPONSE: Denied.**

2.       The amount in controversy in this matter does not exceed the sum of

$75,000.00.

**RESPONSE:  Denied.**

3.       This case does not satisfy the "amount in controversy" requirements of 28

U.S.C. §1332.

**RESPONSE:  Denied.**

4.       You are not seeking an award of more than $75,000.00 to satisfy all of the

claims stated in your Complaint.

LAMAR   OCT 12 2011   CIRCUIT
COUNTY                CLERK

**RESPONSE:  Denied.**

*Leslie Wilson*

5.       You will not accept more than $75,000.00 in compensatory and punitive

1

damages.

**RESPONSE: Denied.**

6.      There is no evidence which supports an award of damages in this case exceeding $75,000.00, including compensatory and punitive damages.

**RESPONSE: Denied.**

7.      The proper measure of damages, if any, does not exceed $75,000.00 inclusive of all claims for compensatory and punitive damages.

**RESPONSE: Denied.**

8.      Neither you nor your attorney will ask a Judge or jury to return a verdict for more than $75,000.00 in the event of a trial of this matter.

**RESPONSE: Denied.**

9.      Any verdict or judgment in excess of $75,000.00 in this matter would be excessive as a matter of law.

**RESPONSE: Denied.**

10.      If a Judge or jury returns a verdict in excess of $75,000.00, you will agree to a remittitur equal to or less than $75,000.00.

**RESPONSE: Denied.**

11.      Even if new or additional facts, information, or law are discovered with respect to the damages available in the case, you agree not to seek, ask for, claim or accept damages exceeding $75,000.00, including compensatory and punitive damages.

**RESPONSE: Denied.**



FILED

LAMAR COUNTY   OCT 12 2011   CIRCUIT CLERK

Leslie Wilson

2

## RESPONSES TO REQUESTS FOR PRODUCTION

1.     If your response to any of the foregoing requests for admissions is anything other than an unqualified admission, as to each separate response, please produce the following:

   a.     All documents upon which you rely in refusing to admit said response;

   b.     All documents which identify all witnesses who have any knowledge of the facts and/or circumstances upon which you rely in refusing to admit said response;

   c.     All documents which in any way refer to the subject matter of the requests for admission.

**RESPONSE**:  **Please see the Complaint filed herein.  Additional information and records will be submitted with my responses to Defendant's first set of discovery which will supplement this response.**

2.     Please produce each and every document in your possession which supports an award of damages in this matter in excess of $75,000.00.

**RESPONSE**:  **Please see the Complaint filed herein.  Additional information and records will be submitted with my responses to Defendant's first set of discovery which will supplement this response.**

3.     Please produce each and every document in your possession which supports your claim for damages against this Defendant.

**RESPONSE**:  **Please see the Complaint filed herein.  Additional information and records will be submitted with my responses to Defendant's first set of discovery which will supplement this response.**

**F I L E D**

LAMAR COUNTY   OCT 12 2011   CIRCUIT CLERK

*Leslie Wilson*

3

4.      Please produce each and every document in your possession which supports any claim that the amount in controversy in this matter exceeds the sum of $75,000.00.

**RESPONSE:  Please see the Complaint filed herein.  Additional information and records will be submitted with my responses to Defendant's first set of discovery which will supplement this response.**

Respectfully submitted,

*Arianne M Lee*

Arianne M. Lee, Plaintiff

STATE OF MISSISSIPPI   )
                                          )
COUNTY OF LAMAR        )

PERSONALLY came and appeared before me, the undersigned authority in and for said County and State, the within named ARIANNE M. LEE, who having been by me first duly sworn according to law, states on oath that the foregoing *Responses to Second Set of Discovery from Defendant Wal-Mart to Plaintiff Arianne M. Lee* are true and correct as therein stated.

*Arianne M Lee*

ARIANNE M. LEE

SWORN TO AND SUBSCRIBED before me on this the 11th___ day of October, 2011.

*Jo Ann Steelman*

NOTARY PUBLIC

My Commission Expires:

FILED

LAMAR COUNTY   OCT 12 2011   CIRCUIT CLERK

*Leslie Wilson*

4

## CERTIFICATE

I, CORY M. WILLIAMS, of counsel for the Plaintiffs, do hereby certify that I have this day mailed by United States Mail, postage prepaid, a true and correct copy of the foregoing to:

**W. PEMBLE DELASHMET**
**DELASHMET & MARCHAND, P.C.**
**P. O. BOX 2047**
**MOBILE, AL 36652**
**Attorney for Defendant Wal-Mart Stores East, L.P.**

THIS the ___11th___ day of October, A.D., 2011.

_____
Cory M. Williams

CORY M. WILLIAMS (MSB #102870)
L. O'NEAL WILLIAMS, JR. (MSB #7248)
WILLIAMS, WILLIAMS & MONTGOMERY, P.A.
140 MAYFAIR ROAD, SUITE 400
HATTIESBURG, MS 39402
TELEPHONE: (601) 602-4705
ATTORNEYS FOR PLAINTIFFS

# FILED

LAMAR COUNTY   OCT 12 2011   CIRCUIT CLERK

Leslie Wilson

5

# WILLIAMS, WILLIAMS & MONTGOMERY, P. A.

## ATTORNEYS AT LAW

140 MAYFAIR ROAD

SUITE 400

HATTIESBURG, MISSISSIPPI 39402

LAMPTON O. WILLIAMS
JOSEPH H. MONTGOMERY
E. BRAGG WILLIAMS, III
L. O'NEAL WILLIAMS, JR.
MICHAEL E. PATTEN
CORY M. WILLIAMS

TELEPHONE (601) 602-4705
FAX (601) 602-4725
WWW.WWMATTORNEYS.COM

E. B. WILLIAMS 1890-1976
E. B. WILLIAMS, JR. 1917-1990

109 ERLANGER STREET
P.O. BOX 113
POPLARVILLE, MS 39470
TELEPHONE (601) 795-4572
FAX (601) 795-8382

October 11, 2011

Honorable Leslie Wilson
Circuit Clerk, Lamar County
Post Office Box 369
Purvis, MS 39475

Re:   Arianne M. Lee and husband Phillip M. Lee v. Wal-Mart Stores, Inc.
      - Civil Action No. 2011-129H in the Circuit Court of Lamar County,
      Mississippi

Dear Mr. Wilson:

In connection with the above-captioned claim, we enclose the original and one copy of the following:

1.   *Responses to Second Set of Discovery from Defendant Wal-Mart to Plaintiff Arianne Lee*

2.   *Responses to Second Set of Discovery from Defendant Wal-Mart to Plaintiff Phillip Lee.*

which include the Plaintiffs' responses to requests for admissions propounded to them by Defendant Wal-Mart.  Please file the original documents and return the copies to us stamped "filed" in the envelope provided.

By copy of this letter, we are mailing copies of the discovery responses to W. Pemble Delashmet, attorney for the Defendant.

Thank you for your attention to our requests.

Yours very truly,

**FILED**

LAMAR COUNTY   OCT 12 2011   CIRCUIT CLERK

WILLIAMS, WILLIAMS & MONTGOMERY, P.A.

By: _____

Cory M. Williams

*Leslie Wilson*

CMW:jas
Enclosures
cc:   Mr. W. Pemble Delashmet (copy/enclosure mailed and faxed to 251-433-1578)

IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI
FIFTEENTH DISTRICT

ARIANNE M. LEE, ET AL
PLAINTIFF(S)
VS                                    CAUSE NO. 2011-129H
WAL-MART STORES
DEFENDANT(S)

NOTICE OF CASES ON TRIAL CALENDAR

ATTORNEY FOR PLAINTIFF:
CORY M. WILLIAMS
140 MAYFAIR, STE 400
HATTIESBURG MS   39402


ATTORNEYS FOR DEFENDANTS:
W. PEMBLE DELASHMET
PO BOX 2047
MOBILE AL  36652

YOU ARE HEREBY NOTIFIED THAT THE ABOVE AND NUMBERED CASE HAS

BEEN PLACED ON THE TRIAL CALENDAR.  THE TRIAL DOCKET WILL BE

SET IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI ON MONDAY ,

THE 24TH DAY OF OCT. , 2011, AT 9:00 A.M.

THE ABOVE SETTINGS ARE BEING MADE IN COMPLIANCE WITH RULE 40 (B)

OF THE MISSISSIPPI RULES OF CIVIL PROCEDURE.

GIVEN UNDER MY HAND AND SEAL OF OFFICE THIS THE 29 DAY OF

SEPT., 2011.

LESLIE WILSON, CIRCUIT CLERK
LAMAR COUNTY, MISSISSIPPI
BY: S/M.HOLLINGSWORTH, D.C.

## IN THE CIRCUIT CLERK OF LAMAR COUNTY, MISSISSIPPI

ARIANNE M. LEE AND HUSBAND     *
PHILLIP M. LEE,     *
    *
       Plaintiff,     *
    *
vs.     *       CASE NO. CV-2011-129 H
    *
WAL-MART STORES, INC.     *
    *
       Defendant.     *

### NOTICE OF SERVICE OF DISCOVERY

In accordance with the Mississippi Rules of Civil Procedure, Defendant Wal-Mart Stores East, L.P. gives notice to the court that the following discovery has been served on the Plaintiff:

1. First Set of Interrogatories and Request for Production of Documents from Defendant Wal-Mart Stores East, L.P. to Plaintiffs;

2. Second Set of Discovery to Plaintiffs from Wal-Mart Stores East, L.P.

W. PEMBLE DELASHMET (MS# 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS# 102752)
wpd@delmar-law.com
Attorneys for

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047 Mobile, AL  36652

Telephone:     (251) 433-1577
Facsimile:     (251) 433-1578

**FILED**

LAMAR COUNTY    SEP 1 5 2011    CIRCUIT CLERK

Leslie Wilson

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day September 13, 2011, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Cory M. Williams
Williams, Williams & Montgomery, P.A.
140 Mayfair, Suite 400
Hattiesburg, MS  39402

OF COUNSEL

FILED

LAMAR COUNTY  SEP 1 5 2011  CIRCUIT CLERK

Leslie Wilson

## IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

ARIANNE M. LEE AND HUSBAND    *
PHILLIP M. LEE,    *
       *
     Plaintiffs,    *
       *
vs.    *       CASE NO. CV-2011-129 H
       *
WAL-MART STORES, INC.    *
       *
     Defendant.    *

### ANSWER

Defendant Wal-Mart Stores East, L.P. (hereinafter "Wal-Mart"), incorrectly identified as "Wal-Mart Stores, Inc.", answers Plaintiffs' Complaint as follows with each numbered paragraph corresponding to the numbered paragraphs of Plaintiffs' Complaint:

I.

Wal-Mart is without knowledge and information sufficient to form a belief as to Plaintiffs' age or residency and, therefore, must deny the same.

II.

Wal-Mart Stores, Inc. admits it is a foreign corporation qualified to do business in the State of Mississippi, and may be served via its registered agent. Wal-Mart Stores, Inc. denies it was, or is, the owner or operator of the premises where this incident allegedly occurred. Wal-Mart Stores East, L.P., a limited partnership qualified to do business in the State of Mississippi and registered with the Mississippi Secretary of State, with its principal place of business in the state of Arkansas, admits it may be served via its registered agent. Wal-Mart Stores East, L.P. admits it was the operator of the premises where this incident allegedly occurred.



FILED

LAMAR COUNTY    SEP 1 5 2011    CIRCUIT CLERK

III.

Wal-Mart admits, at the present time, that this Court has jurisdiction and venue over this cause of action. To the extent this paragraph asserts or implies allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

IV.

Wal-Mart Stores, Inc. denies it was, or is, the owner or operator of the premises where this incident allegedly occurred.    Wal-Mart Stores East, L.P. admits it was the operator of the premises where this incident allegedly occurred. Wal-Mart admits the premises were at all times material herein operated as a retail establishment, and the general public was invited onto the premises. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

V.

Wal-Mart admits the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. To the extent this paragraph asserts allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

VI.

Wal-Mart Stores East, L.P. admits that Plaintiff, Arianne Lee, was on its premises at the Wal-Mart store located in Hattiesburg, Mississippi, on or about August 15, 2010. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's status as a visitor or "invitee" and, therefore, must deny the same and demand strict proof thereof. Wal-Mart admits the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

**FILED**

LAMAR COUNTY   SEP 15 2011   CIRCUIT CLERK

Leslie Wilson

VII.

Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's actions in the store, or Plaintiff's medical condition and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

VIII

Wal-Mart denies that it was negligent, and denies its conduct proximately caused or contributed to Plaintiff's injuries, if any, and demands strict proof thereof. Wal-Mart specifically denies the allegations contained in sub-parts 1 through 6 of this paragraph and demands strict proof thereof. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

IX.

Wal-Mart denies that it was negligent, and denies its conduct proximately caused or contributed to Plaintiff's injuries, if any, and demands strict proof thereof. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition or alleged damages and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

**FILED**

LAMAR COUNTY   SEP 1 5 2011   CIRCUIT CLERK

*Leslie Wilson*

*Leslie Wilson*

## COUNT ONE

### X.

Wal-Mart adopts herein and incorporates by reference the preceding paragraphs the same as though fully repeated herein.     Wal-Mart denies that it was negligent, and denies its conduct proximately caused or contributed to Plaintiff's injuries, if any, and demands strict proof thereof. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition or alleged damages and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

### XI.

Wal-Mart denies that its conduct was reckless, negligent, willful, wanton or unlawful; and further denies its conduct proximately caused or contributed to Plaintiff's injuries, if any, and demands strict proof thereof. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition or alleged damages and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

## COUNT TWO

### XII.

Wal-Mart adopts herein and incorporates by reference the preceding paragraphs the same as though fully repeated herein.     Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff, Arianne Lee's medical condition prior to this incident; her attributes or characteristics as a wife; or the nature or extent of the benefits received by Plaintiff, Phillip Lee, from Plaintiff, Arianne Lee, prior to or at any time after this

FILED

LAMAR COUNTY   SEP 15 2011   CIRCUIT CLERK

Leslie Wilson

incident and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies that it was negligent, and denies its conduct proximately caused or contributed to Plaintiffs' injuries, if any, and demands strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

### XIII.

Wal-Mart denies that its conduct was careless, negligent, or wanton, and denies its conduct proximately caused or contributed to Plaintiff's injuries, if any and demands strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

### AD DAMNUM

### 14.

Wal-Mart denies the allegations contained in the unnumbered paragraphs and subparts following paragraph XIII which begins "Wherefore" and specifically denies that the Plaintiffs are entitled to any recovery whatsoever.

### AFFIRMATIVE DEFENSES

1.     Defendant denies each and every material allegation of Plaintiffs' Complaint not otherwise addressed and demands strict proof thereof.

2.     Plaintiff, Arianne Lee, was guilty of negligence that caused or contributed to cause the injuries about which she complains.

3.     The alleged hazard about which Plaintiff complains was open and obvious and, therefore, Defendant did not owe Plaintiff any duty as alleged.

FILED

LAMAR COUNTY  SEP 1 5 2011  CIRCUIT CLERK

Leslie Wilson

4.     Defendant did not have notice of the alleged hazard about which Plaintiff complains and therefore, under Mississippi law Defendant owed Plaintiff no duty to eliminate the alleged hazard.

5.     No act or omissions of this Defendant was the proximate cause of any injury to Plaintiffs.

6.     Defendant owed Plaintiff no duty as alleged, the breach of which caused or contributed to the cause of the Plaintiffs' injuries.

7.     Plaintiffs' injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiffs should not recover from Defendant.

8.     Defendant respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiffs from any and all collateral sources.

9.     Plaintiffs, in whole or in part, failed to mitigate their alleged damages, and therefore are precluded from recovery.

10.     Plaintiffs' alleged damages are the result of a condition and/or injury which predates the incident made the basis of her Complaint and having no causal relationship with this Defendant.

11.     Plaintiffs' complaint against Wal-Mart Stores, Inc. fails to state a claim upon which relief, in whole or in part, can be granted.

12.     Defendant reserves the right to add and/or supplement these affirmative defenses as discovery in this matter has not yet begun.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY.**



FILED

LAMAR COUNTY   SEP 1 5 2011   CIRCUIT CLERK

W. PEMBLE DELASHMET (MS# 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS# 102752)
wpd@delmar-law.com
Attorneys for Wal-Mart Stores East, L.P.

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:      (251) 433-1577
Facsimile:      (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day September _13_, 2011, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Cory M. Williams
Williams, Williams & Montgomery, P.A.
140 Mayfair, Suite 400
Hattiesburg, MS  39402

OF COUNSEL

**FILED**

LAMAR   SEP 1 5 2011   CIRCUIT
COUNTY                  CLERK

Leslie Wilson

# DeLashmet
# Marchand, P.C.
## ATTORNEYS AT LAW

Anne M. Cunningham
amc@delmar-law.com

September 13, 2011

Leslie Wilson
Circuit Clerk of Lamar County, Mississippi
P.O. Box 369
Purvis, MS  39475-0369

     Re:    *Lee, Arianne M. v. Wal-Mart Stores*
               **Circuit Clerk of Lamar County, Mississippi**
               **Case Number:  CV-2011-129 H**

Dear Ms. Wilson:

Enclosed please find the original and one copy of our Answer and Notice of Service of Discovery in the above referenced case.  Please stamp the additional copies as filed and return them to me in the enclosed self-addressed, postage paid envelope.

     Thank you for your assistance with this matter.

               Very truly yours,

               Anne M. Cunningham
               Paralegal to W. Pemble DeLashmet

/AMC
Enclosure(s)

# FILED

LAMAR
COUNTY   SEP 1 5 2011   CIRCUIT
CLERK

*Leslie Wilson*

IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

**FILED**

LAMAR COUNTY   AUG 24 2011   CIRCUIT CLERK

*Leslie Wilson*

ARIANNE M. LEE and husband
PHILLIP M. LEE                                            PLAINTIFFS

V.                                 CIVIL ACTION FILE NO. *2011-129*

WAL-MART STORES, INC.                                      DEFENDANT

# SUMMONS

THE STATE OF MISSISSIPPI

TO:   **WAL-MART STORES, INC., legally organized and existing under the laws of the State of Delaware through its registered agent C T CORPORATION SYSTEM, 645 LAKELAND EAST DRIVE, SUITE 101, FLOWOOD, MS 39232**

## NOTICE TO DEFENDANT(S)

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to **Cory M. Williams,** the attorney for the Plaintiff(s), whose address is **140 Mayfair Road, Suite 400, Hattiesburg, MS 39402.**. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this ___5___ day of __Aug__, 2011.

LESLIE WILSON, CIRCUIT CLERK
LAMAR COUNTY CIRCUIT COURT
Post Office Box 369
Purvis, MS 39475

**RECEIVED AUG 18 2011 RANKIN CO. SHERIFF DEPT.**

(SEAL)

By *Pam Chellers, D.C.*
DEPUTY CLERK

RECEIVED THIS ________ DAY OF _______________, 2011.

SHERIFF OF LAMAR COUNTY, MISSISSIPPI

By_______________________________

FILED AUG 2 4 2011 LAMAR COUNTY CIRCUIT CLERK

# SHERIFF'S RETURN

STATE OF MISSISSIPPI

COUNTY OF LAMAR

( ) I personally delivered copies of the summons and complaint on the _______ day of _______ 2011, to: ______________________________________________

______________________________________________

________.

( ) After exercising reasonable diligence I was unable to deliver copies of the summons and complaint to ______________________________ within ______________ County, Mississippi. I served the summons and complaint on the ______ day of __________________, 2011, at the usual place of above said ______________________________, by leaving a true copy of the summons and complaint with ______________________________, who is the ______________________ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the ______ day of ________________, 2011, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

( ) I was unable to serve the summons and complaint.

This ______ day of ______________, 2011.

SHERIFF OF LAMAR COUNTY, MISSISSIPPI

By_______________________________

Deputy Sheriff

STATE OF MISSISSIPPI
COUNTY OF RANKIN
I have this day executed the within writ by personally delivering true copies of the within writ to ______ By Serving C.T. Corp. Agent
This the ____ day of ______, 20 11
RONNIE PENNINGTON, SHERIFF
BY ______ D.S.

[Note: All summons issued to the sheriff must be returned within thirty days from the day the summons was received by the sheriff pursuant to the requirements of Mississippi Rule of Civil Procedure 4(c)(2)].

IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

ARIANNE M. LEE and husband
PHILLIP M. LEE                                          PLAINTIFFS

V.                                  CIVIL ACTION FILE NO. *2011-129*

WAL-MART STORES, INC.                                   DEFENDANT

# SUMMONS

THE STATE OF MISSISSIPPI

TO:   **WAL-MART STORES, INC., legally organized and existing under the laws of
      the State of Delaware through its registered agent C T CORPORATION
      SYSTEM, 645 LAKELAND EAST DRIVE, SUITE 101, FLOWOOD, MS 39232**

## NOTICE TO DEFENDANT(S)

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to **Cory
M. Williams,** the attorney for the Plaintiff(s), whose address is **140 Mayfair Road, Suite 400,
Hattiesburg, MS 39402.**. Your response must be mailed or delivered within (30) days from the date
of delivery of this summons and complaint or a judgment by default will be entered against you for
the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

Issued under my hand and seal of said Court, this ___5___ day of ___Aug___, 2011.

                          LESLIE WILSON, CIRCUIT CLERK
                          LAMAR COUNTY CIRCUIT COURT
                          Post Office Box 369
                          Purvis, MS 39475

        (SEAL)            By _Pam Sellers, D.C._
                                              DEPUTY CLERK

RECEIVED THIS _____ DAY OF _____, 2011.

SHERIFF OF LAMAR COUNTY, MISSISSIPPI

By_____

# SHERIFF'S RETURN

STATE OF MISSISSIPPI

COUNTY OF LAMAR

( )      I personally delivered copies of the summons and complaint on the _____ day of _____,

2011,   to:        _____

_____

_____.

( )      After exercising reasonable diligence I was unable to deliver copies of the summons and complaint to

_____ within _____ County, Mississippi. I served

the summons and complaint on the _____ day of _____, 2011, at the usual place of above

said _____, by leaving a true copy of the summons and complaint

with _____, who is the _____

(here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the

person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter

on the _____ day of _____, 2011, I mailed (by first class mail, postage prepaid) copies to

the person served at his or her usual place of abode where the copies were left.

( )      I was unable to serve the summons and complaint.

This _____ day of _____, 2011.

SHERIFF OF LAMAR COUNTY, MISSISSIPPI

By_____

Deputy Sheriff

[Note:  All summons issued to the sheriff must be returned within thirty days from the day the summons was received by the sheriff
pursuant to the requirements of Mississippi Rule of Civil Procedure 4(c)(2)].

IN THE CIRCUIT COURT OF LAMAR COUNTY, MISSISSIPPI

ARIANNE M. LEE and husband
PHILLIP M. LEE                                                      PLAINTIFFS

VERSUS                                          CIVIL ACTION NO. *2011-129*

WAL-MART STORES, INC.                                              DEFENDANT

## COMPLAINT

COME NOW the Plaintiffs ARIANNE M. LEE and husband PHILLIP M. LEE
and for cause of action against the Defendant WAL-MART STORES, INC., would,
with respect, show unto the Court the following facts, to-wit:

I.

Plaintiffs Arianne M. Lee and her husband Phillip M. Lee are adult resident
citizens of Lamar County, Mississippi.

II.

Defendant WAL-MART STORES, INC. (hereinafter referred to as "WAL-
MART"), is a foreign corporation organized and existing under the laws of the State
of Delaware, which has qualified to do and is doing business in the State of
Mississippi, and has appointed and designated C T Corporation System, 645
Lakeland East Drive, Suite 101, Flowood, Mississippi 39232, as its registered agent
for the service of legal process in the event of suit against it.

III.

This Court has subject matter jurisdiction of this cause pursuant to the
provisions of Miss. Code Ann. §9-7-81 (1972) in that the subject matter of this

-1-

LAMAR   AUG 0 5 2011   CIRCUIT
COUNTY                 CLERK

*Leslie Wilson*

litigation is not made exclusively cognizable in some other court by the Constitution and laws of this State, and the principal amount in controversy exceeds the sum of Three Thousand Five Hundred and No/100 Dollars ($3,500.00).

IV.

At all times hereinafter complained of, the Defendant WAL-MART owned and/or operated a retail store located at 6072 U.S. Highway 98 in Hattiesburg, Lamar County, Mississippi.  Said premises were owned and/or operated by the Defendant solely for the purpose of attracting the general public to come onto said premises for the economic advantage of said Defendant; that said Defendant invited the general public onto its premises as business visitors, invitees and prospective customers.

V.

At all relevant times, the Defendant had the responsibility and duty of maintaining the premises including, but not limited to, the floors, walkways and aisles throughout and around said store, in a reasonably safe condition for use by its patrons.

VI.

On August 15, 2010, at approximately 5:35 p.m., Plaintiff Arianne M. Lee was shopping at the Defendant's store located on 6072 U.S. Highway 98 in Hattiesburg, and on said date Plaintiff Arianne M. Lee was a visitor and invitee on Defendant's premises, making lawful use of the premises at the time of the wrongs and injuries hereinafter complained of; Defendant owed Plaintiff Arianne M. Lee the duty of furnishing her a reasonably safe place within said premises which they owned and

-2-

LAMAR AUG 04 2011
COUNTY                          CIRCUIT
                                CLERK

Leslie Wilson

duty to exercise ordinary care and caution in and about the operation, maintenance and management of said store and premises; the Defendant breached and violated said duties then and there owed the Plaintiff Arianne M. Lee, and as a direct and proximate result thereof, the Plaintiff Arianne M. Lee was injured and damaged as hereinafter alleged.

<div align="center">VII.</div>

Plaintiff Arianne M. Lee was walking into the entrance of the store and was exercising all due care and caution for her own safety when she stepped into a wet area on the floor causing her to slip and fall and sustain severe, painful and permanent injuries; the Defendant, its agents, servants and employees were negligent in maintaining the floor and entrances of the store and had carelessly and negligently allowed the wet area to remain on the floor after they knew, or by the exercise of reasonable care, should have known, that the wet area on the floor created a hazard to business customers, including the Plaintiff Arianne M. Lee.

<div align="center">VIII.</div>

Plaintiff Arianne M. Lee charges that the Defendant was negligent in one or more of the following respects which proximately caused or contributed to her injuries and damages sustained as the direct and proximate result thereof, to wit:

1. In failing to properly maintain the premises, including the failure to use non-skid mats near the entrance of the store;

2. In negligently and carelessly allowing the wet area to exist near the entrance of the store, which constituted a dangerous condition;

3. In negligently and carelessly failing to warn Plaintiff in any manner of

-3-

LAMAR COUNTY   AUG 0 5 2011   CIRCUIT CLERK

the existence of the wet area and failing to erect barriers or warning signs around the wet area although the Defendant knew or in the exercise of reasonable care should have known that the Plaintiff was unaware of such wet area;

4.    In failing to eliminate the hazard in a timely manner;

5.    In failing to use due and reasonable care to warn of the hazard; and,

6.    In failing to provide safe and adequate walkways throughout and around the facility for business invitees, including the Plaintiff Arianne M. Lee;

all of which the Plaintiff Arianne M. Lee charges was negligence which proximately caused or contributed to the Plaintiff Arianne M. Lee's injuries and damages suffered as the direct and proximate result thereof.

<p style="text-align:center">IX.</p>

As a direct and proximate result of the negligence of the Defendant, the Plaintiff Arianne M. Lee was caused to suffer serious, permanent, painful and disabling injuries for which she should be compensated.  She has incurred significant medical, hospital, drug, physical therapy and related expenses to date and can reasonably expect future medical expenses for the rest of her life. She has past lost wages and can reasonably expect future lost wages and a permanent loss of wage-earning capacity.  She has suffered severe mental and emotional anxiety and can reasonably expect future mental and emotional pain and suffering.  She has endured and continues to experience physical pain and has lost the enjoyment of normal life. She will have permanent disability and will face a lifetime of physical

-4-

FILED

LAMAR COUNTY, AUG 06 2011 CIRCUIT CLERK

Leslie Wilson

and mental pain and suffering as a direct and proximate result of the negligence of the Defendant.

## COUNT ONE

### X.

Plaintiffs incorporate by reference herein, all and singular, the allegations and averments contained in Paragraphs I through IX above and say that as a direct and proximate result of the negligence of the Defendant WAL-MART, Plaintiff Arianne M. Lee was caused to suffer serious, painful and disabling injuries for which she should be compensated.

### XI.

Plaintiffs allege that the injuries and damages sustained by Plaintiff Arianne M. Lee were the direct and proximate result of the recklessness, negligence, willfulness, wantonness and unlawfulness on the part of the Defendant as above stated without any negligence on the part of the Plaintiff Arianne M. Lee contributing thereto.

FILED

## COUNT TWO

LAMAR COUNTY   AUG 05 2011   CIRCUIT CLERK

### XII.

Leslie Wilson

Plaintiffs incorporate by reference all of the allegations of the Paragraphs I through IX of the Complaint and further say that prior to the injuries sustained by reason of the Defendant's negligence as aforesaid, Arianne M. Lee was in good health, vivacious and fully capable of performing and actually did perform the usual duties of a wife; that prior to said accident Arianne M. Lee was a pleasing and loving wife to the Plaintiff Phillip M. Lee and as a consequence thereof Plaintiff Phillip M.

-5-

Lee received much comfort and happiness in her society and companionship; that by reason of said injuries, Arianne M. Lee has been unable to perform the duties which she had therefore performed for Plaintiff Phillip M. Lee; and that as a result of Arianne M. Lee's injuries, Plaintiff Phillip M. Lee has been deprived of the companionship, company, consortium and services of his wife and his comfort and happiness in her society and companionship have been greatly impaired, and because of the injuries to his wife, the Plaintiff Phillip M. Lee will continue to be deprived of the comfort, companionship, consortium and services usually and ordinarily provided by a wife in good health and of unimpaired vigor and strength. He will be deprived of her consortium for the rest of their lives, all of which have caused Plaintiff Phillip M. Lee great mental pain, anguish and damages.

XIII.

Plaintiff Phillip M. Lee alleges that the aforesaid injuries and damages caused to him were the direct and proximate result of the carelessness, negligence and recklessness of the said Defendant as aforesaid and Plaintiff Phillip M. Lee is entitled to recover damages against said Defendant for his loss of consortium.

**AD DAMNUM**

WHEREFORE, premises considered Plaintiffs bring this suit for all damages of every kind and nature to which they may be entitled, and Plaintiffs demand judgment against the Defendant WAL-MART STORES, INC., as follows:

1.     For an amount that will compensate the Plaintiff Arianne M. Lee for all damages for the personal injuries and permanent disability she has sustained, including loss of enjoyment of life.

FILED

LAMAR COUNTY   AUG 0 5 2011   CIRCUIT CLERK

Leslie Wilson

-6-

2.    For an amount that will compensate the Plaintiff Arianne M. Lee for all medical expenses she has incurred and she will likely incur in the future.

3.    For an amount that will compensate the Plaintiff Arianne M. Lee for her past, present and future pain, suffering and mental anguish and hedonic damages.

4.    For an amount that will compensate the Plaintiff Arianne M. Lee for her past, present and future lost wages.

5.    For an amount that will compensate the Plaintiff Phillip M. Lee for his loss of consortium.

6.    For all interest, costs of court, and other expenses incurred by the Plaintiffs in bringing this action.

Plaintiffs finally pray for a trial by jury.

Respectfully submitted,

ARIANNE M. LEE and husband PHILLIP M. LEE, PLAINTIFFS

By: _____

**Cory M. Williams**
Of Counsel for Plaintiffs

CORY M. WILLIAMS (MSB #102870)
L. O'NEAL WILLIAMS, JR. (MSB #7248)
WILLIAMS, WILLIAMS & MONTGOMERY, P.A.
140 MAYFAIR, SUITE 400
HATTIESBURG, MS 39402
TELEPHONE: (601) 602-4705
ATTORNEYS FOR PLAINTIFFS

FILED

LAMAR COUNTY   AUG 0 5 2011   CIRCUIT CLERK

Leslie Wilson

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court    Form AOC/01
Administrative Office of Courts    (Rev 2009)

| Court Identification Docket # | Case Year | Docket Number |
|---|---|---|
| 3 7 / 1 CI | 2 0 1 1 | / 2 9 |

County #: 37   Judicial District: 1   Court ID (CH, CI, CO): CI   Local Docket ID: 3 6

Month 0 8   Date 0 5   Year 1 1

*This area to be completed by clerk*    Case Number if filed prior to 1/1/94

In the **CIRCUIT**   Court of **LAMAR**   County —   Judicial District

## Origin of Suit (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Remanded
- [ ] Reinstated
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

## Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

**Individual**   Last Name **LEE**   First Name **ARIANNE**   Maiden Name, if applicable   M.I. **M**   Jr/Sr/III/IV

___ Check (x) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check (x) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency

**Business** _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check (x) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A

**Address of Plaintiff**   34 ACORN LANE; LUMBERTON, MS 39455

**Attorney (Name & Address)**   Cory M. Williams; 140 Mayfair Road, Suite 400; Hattiesburg, MS 39402    **MS Bar No.** 102870
___ Check (x) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing:

## Defendant - Name of Defendant - Enter Additional Defendants on Separate Form

**Individual**   Last Name   First Name   Maiden Name, if applicable   M.I.   Jr/Sr/III/IV

___ Check (x) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of

___ Check (x) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency

**Business**   WALMART STORES, INC.
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check (x) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A

**Attorney (Name & Address) - If Known**    **MS Bar No.**

*FILED LAMAR COUNTY AUG 05 2011 CIRCUIT CLERK*

## Damages Sought:
Compensatory $ 3,500.00+   Punitive $ _____   Check (x) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

## Nature of Suit (Place an "X" in one box only)

### Domestic Relations
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce:Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Termination of Parental Rights
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other

### Appeals
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Worker's Compensation
- [ ] Other

### Business/Commercial
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other

### Probate
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Other

### Children/Minors - Non-Domestic
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion Minor
- [ ] Removal of Minority
- [ ] Other

### Civil Rights
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other

### Contract
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other

### Statutes/Rules
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or Restraining Order
- [ ] Other

### Real Property
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other

### Torts
- [ ] Bad Faith
- [ ] Fraud
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [ ] Negligence - General
- [ ] Negligence - Motor Vehicle
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death
- [X] Other Premise Liablilty

IN THE <u>CIRCUIT</u> COURT OF <u>LAMAR</u> COUNTY, MISSISSIPPI

_____ JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - _____  _____      Docket No. If Filed
      File Yr      Chronological No.      Clerk's Local ID       Prior to 1/1/94 _____

**PLAINTIFFS IN REFERENCED CAUSE - Page 1 of ___ Plaintiffs Pages**
**IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Plaintiff #2:**

**Individual:** <u>LEE</u> <u>PHILLIP</u> ( _____ ) <u>M</u>
         Last Name         First Name        Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where Incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: <u>Cory M. Williams</u> Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #3:**

**Individual:** _____ _____ ( _____ ) _____
         Last Name         First Name        Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where Incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #4:**

**Individual:** _____ _____ ( _____ ) _____
         Last Name         First Name        Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where Incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

FILED

LAMAR COUNTY AUG 05 2011 CIRCUIT CLERK

Leslie Wilson

WILLIAMS, WILLIAMS & MONTGOMERY, P. A.

ATTORNEYS AT LAW

140 MAYFAIR ROAD

SUITE 400

HATTIESBURG, MISSISSIPPI 39402

TELEPHONE (601) 602-4705

FAX (601) 602-4725

WWW.WWMATTORNEYS.COM

August 2, 2011

LAMPTON O. WILLIAMS
JOSEPH H. MONTGOMERY
E. BRAGG WILLIAMS, III
L. O'NEAL WILLIAMS, JR.
MICHAEL E. PATTEN
CORY M. WILLIAMS

E. B. WILLIAMS 1890-1976
E. B. WILLIAMS, JR. 1917-1990

109 ERLANGER STREET
P.O. BOX 113
POPLARVILLE, MS 39470
TELEPHONE (601) 795-4572
FAX (601) 795-8382

Honorable Leslie Wilson
Circuit Clerk, Lamar County
Post Office Box 369
Purvis, MS 39475

Re:   Arianne M. Lee and husband Phillip M. Lee v. Wal-Mart
Stores, Inc.  - In the Circuit Court of Lamar County,
Mississippi

Dear Mr. Wilson:

In connection with the above-captioned claim, we enclose the following:

(1)   Original and one copy of Complaint - Please file the original and return the
copy to us stamped "filed."

(2)   Civil Cover Sheet.

(3)   Our firm check in the amount of $120.00 payable to you as court costs.

(4)   Index card and self-addressed, stamped envelope for use in notifying us of
assignment of judge.

(5)   Summons - Please issue the Summons and return it to us for service upon
the Defendant Wal-Mart Stores, Inc.

Thank you for your attention to our requests.

Yours very truly,

WILLIAMS, WILLIAMS & MONTGOMERY, P.A.

By:   _____
Cory M. Williams

FILED

CMW:rsh
Enclosures
cc:   Mr. & Mrs. Phillip M. Lee

LAMAR   AUG 0 5 2011   CIRCUIT
COUNTY                 CLERK

Leslie Wilson